# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 237 EAST ONTARIO LLC, | ) | Case No. 11-49504 |
| | ) | |
| Debtor. | ) | The Honorable Carol A. Doyle, Presiding |
| | ) | |
| _____ | ) | |

## NOTICE OF MOTION

TO:     See Attached Service List

　　　　PLEASE TAKE NOTICE that on October 11, 2012, at 10:00 a.m., or soon thereafter as counsel may be heard, we will appear before the Honorable Carol A. Doyle, United States Bankruptcy Court Judge, in Courtroom 742 of the Dirksen Federal Building located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached **FIRST AND FINAL APPLICATION OF NEAL WOLF & ASSOCIATES, LLC, AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION, SEEKING COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM DECEMBER 9, 2011 THROUGH SEPTEMBER 21, 2012**, at which time and place you may appear as you see fit.

Dated:  September 26, 2012              NEAL WOLF & ASSOCIATES, LLC


                                       By:   /s/ Neal L. Wolf


Neal L. Wolf (ARDC No. 6186361)
John A. Benson, Jr. (ARDC No. 6289042)
NEAL WOLF & ASSOCIATES, LLC
155 N. Wacker Drive, Suite 1910
Chicago, IL  60606
Tel:      (312) 228-4990
Fax:      (312) 228-4988
Email:   nwolf@nealwolflaw.com
            jbenson@nealwolflaw.com

## <u>CERTIFICATE OF SERVICE</u>

      I, John A. Benson, Jr., an attorney, certify that I caused a copy of this Notice of Motion and First and Final Application of Neal Wolf & Associates, LLC, as Counsel for the Debtor and Debtor In Possession, Seeking Compensation and Reimbursement of Expenses for the Period from December 9, 2011 through September 21, 2012 to be served on the parties listed on the attached service list via the Court's CM/ECF Notification System to those parties registered to receive such notice and to all other parties by United States Mail, postage pre-paid, on September 26, 2012.

                              /s/ John A. Benson, Jr.

**Service List**
**237 East Ontario LLC**

Office of U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604

Schain, Burney, Banks & Kenny
Three First National Plaza
70 W. Madison Street, Suite 4500
Chicago, IL 60602

Thomas M. Tully & Associates
33 N. Dearborn St., Suite 2450
Chicago, IL 60602

Abatangelo – Hanson, Ltd.
53 W. Jackson Blvd., Suite 1005
Chicago, IL 60604

Bauman Studios, LLC
312 North May Street, Suite 5G
Chicago, IL 60607

Gregg & Associates, Inc.
225 E. Park Avenue
Libertyville, IL 60048

Manhard Consulting, Inc.
900 Woodlands Pkwy.
Vernon Hills, IL 60061

Topsoil Co LLC
12736 S. Ridgeway Ave.
Alsip, IL 60803

Cook County Treasurer
Att: Legal Department
118 N. Clark Street, Suite 112
Chicago, IL 60602

Internal Revenue Service
P.O Box 804522
Cincinnati, OH 45280

Commonwealth Edison
Attn: The Bankruptcy Group
3 Lincoln Center
Oakbrook Terrace, IL 60181

Illinois Department of Revenue
Bankruptcy Section
PO Box 64338
Chicago, IL 60664

EPS Environmental Services, Inc.
7237 W. Devon Avenue
Chicago, IL 60631

Mahoney & Associates Trust
11405 Burr Oak Lane
Burr Ridge, IL 60527

Kari Blunda
11405 Burr Oak Lane
Burr Ridge, IL 60527

Clinton Mahoney
10809 Chaucer Drive
Willow Springs, IL 60480

American Chartered Bank
1199 E. Higgins Road
Schaumburg, IL 60173

Shelly A. DeRousse
John K. Burnett III
Stahl Cowen Crowley Addis LLC
55 W. Monroe, Suite 1200
Chicago, IL 60603
*Attorney for James Mahoney*
*Via ECF*

Illinois Secretary of State
Business Services
69 W. Washington, Suite 1240
Chicago, IL 60602

William J. Serritella
Brianna M. Sansone
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, IL 60611
*Attorney for June Mahoney*
*Via ECF*

Ronald R. Peterson
Landon S. Raiford
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
*Attorney for PODCO 237 E. Ontario LLC*
*Via ECF*

John D. Silk
Rothschild, Barry & Myers LLP
55 W. Monroe Street, Suite 3900
Chicago, IL 60603
*Attorney for 7-Eleven, Inc.*
*Via ECF*

John S. Delnero
K&L Gates, LLP
Three First National Plaza
70 West Madison Street, Suite 3300
Chicago, IL 60602
*Attorney for Noodles & Company*
*Via ECF*

Five Guys Operations, LLC
10440 Furnace Road, Suite 205
Lorton, VA 22079
Attn:  Dale E. Thompson

Andrew J. Annes
Schenk Annes Tepper Campbell Ltd.
311 South Wacker Dr., Suite 5125
Chicago, IL 60606
*Attorney for Mid-America Real*
*Real Estate Corporation*
*Via ECF*

Imperial PSF
101 Hudson Street, 33rd Floor
Jersey City, NJ 07302

Roger J. Higgins
Law Offices of Roger Higgins, LLC
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
*Attorney for Tishman Realty Corp.*
*Via ECF*

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 237 EAST ONTARIO LLC, | ) | Case No. 11-49504 |
| | ) | |
| Debtor. | ) | The Honorable Carol A. Doyle, Presiding |
| | ) | |
| | ) | **Hearing Date:    October 11, 2012** |
| | ) | **Hearing Time:    10:00 a.m.** |

**COVER SHEET FOR FIRST AND FINAL APPLICATION OF
NEAL WOLF & ASSOCIATES, LLC,
SEEKING COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM DECEMBER 9, 2011 THROUGH SEPTEMBER 21, 2012**

Name of Applicant:                                    Neal Wolf & Associates, LLC

Authorized to Provide
Professional Services to:                              Debtor and Debtor-in-Possession

Date of Retention:                                    Effective December 9, 2011 by order
                                                      signed January 10, 2012

Period for which Compensation
and Reimbursement is Sought:                          December 9, 2011 through
                                                      September 21, 2012

Amount of Compensation Sought as
Actual, Reasonable, and Necessary:                    $271,197.50

Amount of Expense Reimbursement Sought
As Actual, Reasonable, and Necessary:                 $7,898.06

This is the first and final application of Neal Wolf & Associates, LLC ("NW&A").  The award sought is 100% of the amount of compensation sought and 100% of the expense reimbursement sought.

Date:  September 26, 2012          NEAL WOLF & ASSOCIATES, LLC

                                   By:   /s/ Neal L. Wolf
                                       One of its Attorneys

Neal L. Wolf (ARDC No. 6186361)
John A. Benson, Jr. (ARDC No. 6289042)
NEAL WOLF & ASSOCIATES, LLC
155 N. Wacker Drive, Suite 1910
Chicago, Illinois  60606
Tel: (312) 228-4990

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 237 EAST ONTARIO LLC, | ) | Case No. 11-49504 |
| | ) | |
| Debtor. | ) | The Honorable Carol A. Doyle, Presiding |
| | ) | |
| _____ | ) | |

**FIRST AND FINAL APPLICATION OF NEAL WOLF & ASSOCIATES, LLC,**
**AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION,**
**SEEKING COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM DECEMBER 9, 2011 THROUGH SEPTEMBER 21, 2012**

Neal Wolf & Associates, LLC ("NW&A"), counsel for the above-captioned debtor and debtor-in-possession (the "Debtor"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), hereby requests the entry of an order allowing and paying compensation and reimbursement of expenses to NW&A for the Period from December 9, 2011 through September 21, 2012 (the "Application").

By this Application, NW&A respectfully applies to this Court for entry an order allowing NW&A compensation in the amount of $271,197.50 for legal services rendered and reimbursement for actual and necessary expenses in the amount of $7,898.06 for a total allowance of $279,095.56 for the period December 9, 2011 through September 21, 2012 (the "Application Period").  In support of this Application, NW&A respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On December 9, 2011 (the "Petition Date"), the Debtor commenced this case by

filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Case").

4.      The Debtor continues to operate its business and manage its property as a debtor-

in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee,

examiner or creditors' committee has been appointed in this Case.

5.      The Debtor is an Illinois limited liability company whose primary asset is the

property commonly known as 237 East Ontario Street, Chicago, Illinois  60611 (the "Property").

6.      On September 20, 2012, the Court entered an Order Confirming Debtor's Second

Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Confirmation

Order") (Docket No. 157).  The Confirmation Order provides, among other things, that at the

Closing for the sale of the Property, the Title Company shall wire transfer the sum of $505,000

to the client trust account of NW&A to cover the payment of administrative claims, including the

payment of professional persons.  On September 21, 2012, the Title Company wire transferred

the sum of $505,000 to NW&A's client trust account.

**The Debtor's Employment of NW&A**

7.       The retention of NW&A, as counsel to the Debtor, was approved effective as of

December 9, 2011 by this Court's Order Approving the Application of the Debtor to Employ

Neal Wolf & Associates, LLC as its Attorneys Retroactive to the Petition Date, signed on

January 10, 2012 (Docket No. 22) (the "Retention Order").  The Retention Order, *inter alia,*

authorized NW&A to be compensated on an hourly basis and to be reimbursed for actual and

necessary out-of-pocket expenses.

8.       All services for which NW&A requests compensation were performed for or on

behalf of the Debtor.

9.       No prior compensation has been authorized for NW&A in this Case, and this

Application constitutes NW&A's first and final application for compensation.  The Debtor's

Statement of Financial Affairs, filed on January 13, 2012 (Docket No. 31), disclosed that prior

to the Petition Date, the Debtor paid NW&A a retainer of $14,686.05.  NW&A has received no

payment and no promises for payment from any source other than the Debtor for services

rendered or to be rendered in any capacity whatsoever in connection with the matters covered

by this Application.

**LEGAL SERVICES PERFORMED BY NW&A**

10.      From and after the retention of NW&A in this Case, NW&A has served as legal

counsel to the Debtor with respect to all bankruptcy matters that have arisen in or with respect

to the Case.  In connection therewith, NW&A has provided substantial bankruptcy and legal

services to the Debtor, including, but not limited to, an analysis of the Debtor's assets and

liabilities; advised the Debtor with respect to its rights and obligations under chapter 11 of the

Bankruptcy Code; researched, drafted, presented and/or defended numerous motions, orders,

pleadings and briefs in the Case, including, but not limited to, three (3) disclosure statements,

three (3) plans of reorganization and numerous claim objections; assisted in negotiating and

drafting no less than two (2) letters of intent and two (2) real estate sale and purchase

agreements for the sale of the Property; assisted in orchestrating a sale of the Property

including performing legal services with respect to all aspects of the closing process; and has

represented the Debtor in two (2) adversary proceedings currently pending before this Court.

11.     All of the services for which compensation is requested were rendered in

connection with the Case and related matters.

12.     As required by Local Rule 5082-1, NW&A provides the following itemization

and detailed statement of services.

## Itemization and Statement of Services

13.     A narrative summary of the services rendered by NW&A during the Application

Period is set forth below.  Itemized and detailed descriptions of the specific services rendered by

NW&A to the Debtor during this period are reflected on the invoice attached hereto as **Exhibit

A**.  This invoice contains daily time logs describing the time spent by each attorney and

paraprofessional for this period.  To the best of NW&A's knowledge, this Application complies

with Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and

the Guidelines adopted by the Office of the United States Trustee.

14.     The services rendered by NW&A during the Application Period have been

segregated into the following eight (8) categories:  (a) General; (b) Stay Relief Motions; (c)

DIP Financing and Use of Cash Collateral; (d) Executory Contracts and Leases; (e) Sales of

Assets; (f) Plan of Reorganization; (g) Litigation and Adversary Proceedings; and (h)

Employment of Professionals and Fee-Related Issues.  The fees sought by NW&A in each of

the aforesaid billing categories are summarized below:

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Matter #001 — General | 112.30 | $28,922.50 |
| Matter #002 — Stay Relief Motions | 24.30 | $7,482.50 |
| Matter #003 — DIP Financing and Use of Cash Collateral | 9.40 | $4,497.50 |
| Matter #004 — Executory Contracts and Leases | 1.20 | $360.00 |
| Matter #005 — Sales of Assets | 156.50 | $49,717.50 |
| Matter #006 — Plan of Reorganization | 298.10 | $105,710.00 |
| Matter #007 — Litigation and Adversary Proceedings | 222.40 | $71,887.50 |
| Matter #008 — Employment of Professionals and Fee-Related Issues | 12.40 | $2,620.00 |
| **TOTAL** | **836.60** | **$271,197.50** |

15.    The time expended by each billing professional is set forth below and summarized as follows:

| NAME | POSITION, YEAR OF FIRST ADMISSION | HOURLY RATE | HOURS |
|---|---|---|---|
| Neal L. Wolf | Manager and Sole Member, 1974 | $575 | 102.90 |
| John A. Benson, Jr. | Associate, 2006 | $300 | 698.70 |
| Dominic J. Dutra | Law Clerk | $200 | 5.10 |
| Sandy Holstrom | Paralegal | $175 | 9.20 |
| Diane M. Wolski | Legal Assistant | $150 | 20.70 |
| **TOTAL** | | | **836.60** |

16.    The hourly rates listed above are customary and reasonable and are the same hourly rates charged to NW&A's non-bankruptcy clients for various other matters.

17.    There has been no duplication of services.  When two or more attorneys participated in any activity, such joint participation was necessary as a result of either the

complexity of the issues involved or the need to strategize the matters at issue so that each

attorney could perform further necessary work.

### <u>Narrative Summary of Services by Categories</u>

18.     During the Application Period, NW&A rendered services to enable the Debtor

to commence and proceed with an orderly and successful reorganization under chapter 11 of

the Bankruptcy Code.

19.     Prior to and since the Petition Date, NW&A has consulted with and advised the

Debtor with all aspects of the Case.  Set forth below is a breakdown and narrative summaries of

the eight (8) categories and the actual services provided by the attorneys and paraprofessionals

relating to each category, along with the number of hours for each individual and the total

compensation sought.  A more detailed description of the services rendered to the Debtor in this

Case is set forth in **<u>Exhibit A</u>** attached hereto.

    A.     <u>Matter #001 — General</u>
        Fees:  $ 28,922.50; Total Hours:  112.30

20.     The services under this category include the services provided by NW&A

pertaining to the general administration of the Case, including, but not limited to: (a) preparing

and participating in hearings, meetings, telephone conferences and other activities where various

subject matters of the Case were discussed, analyzed, or otherwise acted upon; (b) the

preparation of and/or appearance for "first-day" motions, the Initial Debtor Interview and the 341

Meeting of Creditors; (c) administering, managing and coordinating the Case through reviewing

docket entries, pleadings and proof of claims filed by creditors and parties in interest, (d)

monitoring critical dates and preparing strategies for the administration and management of the

Case; (e) preparing and/or reviewing and revising the Debtor's monthly operating reports; (f)

communications and correspondence with individual creditors regarding the status of the Case;

and (g) ensuring that the Property was properly insured during the pendency of the Case through

the filing of an emergency motion to authorize the Debtor to enter into a premium insurance

finance agreement to obtain the necessary insurance.

| Professional | Position | Hours | Value |
|---|---|---|---|
| NLW | Sole Member | 3.50 | $2,012.50 |
| JAB | Associate | 87.10 | $26,130.00 |
| DJD | Law Clerk | 3.90 | $780.00 |
| DMW | Legal Assistant | 17.80 | $0.00 |
| **Total** | | **112.30** | **$28,922.50** |

B.   Matter #002 — Stay Relief Motions
     Fees:  $7,482.50; Total Hours:  24.30

21.    This category includes all matters related to the Debtor's Emergency Motion to

Extend the Automatic Stay Pursuant to Section 362(d)(3) of the Bankruptcy Code (Docket No.

43) (the "Emergency Motion") and the Motion for Relief from the Automatic Stay filed by

Podco 237 E. Ontario LLC (Docket No. 58) ("Podco's Stay Motion").  NW&A efforts and

services in this category include all research, analysis and drafting related to the Emergency

Motion and Podco's Stay Motion, appearing in Court for numerous hearings regarding the same,

and all communications with Podco's counsel regarding the respective motions.

| Professional | Position | Hours | Value |
|---|---|---|---|
| NLW | Sole Member | .70 | $402.50 |
| JAB | Associate | 23.60 | $7,080.00 |
| **Total** | | **24.30** | **$7,482.50** |

C.   Matter #003 — DIP Financing and Use of Cash Collateral
     Fees:  $4,497.50; Total Hours:  9.40

22.    This category includes all services provided by NW&A to the Debtor as it relates

to the Debtor's efforts and interest in obtaining DIP financing for the redevelopment of the

Property and/or to retire the indebtedness owing to Podco.  NW&A consulted with and advised

the Debtor on issues relating to DIP financing and participated in numerous face to face meting

and conference calls with prospective DIP lenders.

| Professional | Position | Hours | Value |
|---|---|---|---|
| NLW | Sole Member | 6.10 | $3,507.50 |
| JAB | Associate | 3.30 | $990.00 |
| **Total** | | **9.40** | **$4,497.50** |

     D.     Matter #004 — Executory Contracts and Leases
            Fees:  $360.00; Total Hours:  1.20

     23.     This category includes all matters related to Debtor's leases associated with the

Property.  NW&A reviewed and analyzed the leases, communicated with Debtor regarding its

notice of the bankruptcy filing to potential tenants, and advised the Debtor with respect to its

ability to reject the leases under the Bankruptcy Code.

| Professional | Position | Hours | Value |
|---|---|---|---|
| JAB | Associate | 1.20 | $360.00 |
| **Total** | | **1.20** | **$360.00** |

     E.     Matter #005 — Sale of Assets
            Fees:  $49,717.50; Total Hours:  156.50

     24.     This category includes all matters related to the sale of the Property.  Since being

retained, NW&A has played a significant role in the Debtor's efforts to sell the Property.

Specifically, NW&A reviewed letters of intent; drafted and negotiated letters of intent and real

estate purchase and sale agreements; worked closely with the Debtor in preparing and reviewing

due diligence materials for potential purchasers of the Property; participated in numerous

meetings, conference calls and various other communications with potential purchasers for the

Property to discuss all aspects of the sale process, the Case, and various issues related to the

Property, including, zoning and title defects; and drafted of all closing documents for the sale of

the Property.

25.     As the Court is aware, NW&A negotiated a letter of intent and a real estate

purchase and sale agreement between the Debtor and EasyPark, LLC ("EasyPark").  This sale

formed the basis and means for the implementation of the Debtor's initial Disclosure Statement

and Plan of Reorganization (Docket Nos. 54 and 55).  However, the Debtor's sale efforts were

complicated in early May 2012 when EasyPark's terminated of said purchase agreement.

EasyPark's termination caused the Debtor and NW&A to quickly begin sale negotiations anew

with other potential purchasers, including Tishman Realty Corp., or its assignee ("Tishman").

Since that time, the Debtor, with the assistance of NW&A, pursued a sale of the Property to

Tishman and took all appropriate actions and steps to accomplish such a sale in the least amount

of time possible.

26.     NW&A's efforts and experience assisted the Debtor with all aspect of the sale of

the Property and in turn provided the Debtor with the ability to pay all allowed claims against the

Debtor's estate in full.

| Professional | Position | Hours | Value |
|---|---|---|---|
| NLW | Sole Member | 10.50 | $6,037.50 |
| JAB | Associate | 145.60 | $43,680.00 |
| SH | Paralegal | .40 | $0.00 |
| **Total** | | **156.50** | **$49,717.50** |

F.     Matter #006 — Plan of Reorganization
       Fees:  $105,710.00; Total Hours:  298.10

27.     This category includes all matters related to the research, drafting, filing, court

appearances and such other services performed by NW&A with respect to the initial Disclosure

Statement and Plan of Reorganization (Docket Nos. 54 and 55), the Amended Disclosure

Statement and Amended Plan of Reorganization (Docket Nos. 65 and 68), the Second Amended

Disclosure Statement and Second Amended Plan of Reorganization (Docket Nos. 89 and 90),

and the Debtor's objections to certain claims filed against the estate (Docket Nos. 96, 97, 98 and

99).

     28.     As previously mentioned, the Debtor's initial Disclosure Statement and Plan

provided for sale of the Property to EasyPark.  However, when EasyPark terminated the purchase

agreement, the Debtor and NW&A quickly came to an agreement to sell the Property to

Tishman.  Given the pendency of Podco's Stay Motion, NW&A was forced to rapidly prepare

and file the Amended Disclosure Statement and Amended Plan of Reorganization, which

pleadings were based upon the terms and conditions of the letter of intent between the Debtor

and Tishman.  Once the due diligence/review period provided for in the Tishman letter of intent

expired without termination and the parties were able to negotiate and execute a formal purchase

agreement, NW&A prepared and filed the Second Amended Disclosure Statement and Second

Amended Plan of Reorganization.  As a result of NW&A's efforts, on September 19, 2012, the

Court entered an order approving the Second Amended Disclosure Statement (Docket No. 156)

and on September 20, 2012, the Court entered an order confirmation the Debtor's Second

Amended Plan of Reorganization (Docket No. 157).

     29.     In addition to the foregoing, NW&A also (i) researched and drafted a

confirmation memorandum to support the approval of the Second Amended Disclosure

Statement and confirmation of the Second Amended Plan of Reorganization; (ii) drafted and

revised a comprehensive confirmation order; and (iii) prepared for and attended the combined

hearing on approval of the Debtor's Second Amended Disclosure Statement and Second Amended Plan of Reorganization.

30.     Also included in this category is all time incurred by NW&A with respect to the Debtor's objections to the proof of claims filed by Mid-America Real Estate Corporation (Claim No. 12), June Mahoney (Claim No. 10), and James Mahoney, both individually and as trustee of the Mahoney & Associates Trust (Claim Nos. 13 and 14).  Due to the filing of these claims, NW&A was forced to spend a significant amount of time reviewing documents to support the Debtor's claim objections, researching, drafting and revising the Debtor's claim objections, reviewing the responses filed in connection therewith, researching and drafting the supporting reply briefs, and appearing in Court for numerous hearings regarding said claim objections.  As a result of NW&A's efforts, the Court sustained the Debtor's claim objections and disallowed the claims of June Mahoney and James Mahoney (which claims totaled over $12,000,000.00).[1]

31.     Additionally, in a related vein, NW&A researched and drafted a Motion to Approve Estimating Proofs of Claim Nos. 10, 12, 13 and 14 for $0.00 for Plan Distribution Purposes (Docket No. 100) and reply briefs in support of said motion.  After briefing said motion, the Court entered an order estimating Proofs of Claim Nos. 10, 12, 13 and 14 for $0.00 for voting on the plan (Docket No. 143).

| Professional | Position | Hours | Value |
|---|---|---|---|
| NLW | Sole Member | 59.20 | $34,040.00 |
| JAB | Associate | 238.90 | $71,670.00 |
| **Total** | | **298.10** | **$105,710.00** |

---

[1] The Debtor reserves the right to seek reimbursement of the fees and expenses incurred by the Debtor in connection with the proofs of claim filed by June Mahoney and James Mahoney.

G.    Matter #007 — Litigation and Adversary Proceedings
      Fees:  $71,887.50; Total Hours:  222.40

32.    This category includes all services performed and provided by NW&A in connection with the adversary proceeding captioned *James Mahoney v. 237 East Ontario LLC, et al.*, as Adversary Proceeding No. 12-00011 (the "Removal Adversary") and the adversary proceeding captioned *237 East Ontario LLC v. James Mahoney et al.*, as Adversary Proceeding No. 12-00334 (the "Slander Adversary").

33.    With respect to the Removal Adversary, NW&A filed a Notice of Removal; prepared a Response to James Mahoney's Motion to Remand and Opposition to Notice of Removal, including conducting extensive legal research on the impact of the Supreme Court decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011); reviewed and responded to James Mahoney's Itemization and Request for Fees in connection with the Notice of Removal; prepared and filed the Debtor's Answer and Affirmative Defenses; and attended all court hearings in the Removal Adversary.

34.    With respect to the Slander Adversary, NW&A researched various causes of action under Illinois law, including, but not limited to, slander of title, quiet title and aiding and abetting tortious conduct; drafted the underlying adversary complaint; coordinated service of process on all defendants; reviewed, researched and drafted a response brief in opposition to the motion to dismiss filed by Jerry Holisky and Aronberg Goldgehn Davis & Garmisa and joined by June Mahoney and John Mahoney; reviewed and analyzed the reply brief related thereto; prepared and filed a notice of appeal and designation of record and issues on appeal; reviewed, researched and drafted a response brief in opposition to the motion to dismiss filed by James Mahoney; reviewed and analyzed the reply in support of James Mahoney's motion to dismiss;

and attended all court hearings in the Slander Adversary.

| Professional | Position | Hours | Value |
|---|---|---|---|
| NLW | Sole Member | 22.90 | $13,167.50 |
| JAB | Associate | 195.40 | $58,620.00 |
| DJD | Law Clerk | 1.20 | $100.00 |
| DMW | Legal Assistant | 2.90 | $0.00 |
| **Total** | | **222.40** | **$71,887.50** |

H.    Matter #008 — Employment of Professionals and Fee-Related Issues
Fees:  $2,620.00; Total Hours:  12.40

35.    This category includes all matters related to preparation and filing of NW&A's

retention application.

| Professional | Position | Hours | Value |
|---|---|---|---|
| JAB | Associate | 3.60 | $1,080.00 |
| SH | Paralegal | 8.80 | $1,540.00 |
| **Total** | | **12.40** | **$2,620.00** |

36.    The nature of work performed by these persons is fully set forth in more detail

in **Exhibit A** attached hereto.  These are the normal hourly rates of NW&A for work of this

character.

37.    NW&A respectfully submits that the fees and expense reimbursement sought

herein are reasonable given the nature, extent and value of the services rendered, the quality

and skill which the situation required, and the costs of comparable services in other cases under

Chapter 11, and that time has been fairly and properly expended.

**Actual and Necessary Expenses**

38.    Included in the fee invoice attached hereto as **Exhibit A** are detailed

descriptions of the actual and necessary expenses incurred by NW&A during the Application

Period.  NW&A voluntarily reduced its copying charges from $.20 per page to $.10 per page.

The disbursements and expenses that have been incurred are in accordance with NW&A's

normal practice of charging clients for expenses clearly related to and required by particular

matters.  NW&A has endeavored to minimize these expenses to the fullest extent possible.

| EXPENSE CATEGORY | SERVICE PROVIDER (IF APPLICABLE) | TOTAL EXPENSES |
|---|---|---|
| Filing Fees | U.S. Bankruptcy Court | $1,637.00 |
| Miscellaneous Fee (certified copy) | U.S. Bankruptcy Court | $12.50 |
| Miscellaneous Fee (good standing certificate) | Secretary of State of Illinois | $47.00 |
| Miscellaneous Fee (search fee) | O'Connor Title | $75.00 |
| Filing Fees (Removal of case) | Circuit Court of Cook County | $293.00 |
| Court Reporting Service | J. DeFini | $23.00 |
| Electronic Research | LexisNexis | $588.94 |
| Postage | | $690.26 |
| Telephone (conference calls) | | $139.11 |
| Pacer | | $111.74 |
| Overnight Courier | FedEx | $939.11 |
| Photocopies (.10 per page) | | $3,277.40 |
| Local Transportation (to/from court hearings) | | $64.00 |
| **Total** | | **$7,898.06** |

39.     In accordance with the factors enumerated in section 330 of the Bankruptcy

Code, it is respectfully submitted that the amount requested by NW&A is fair and reasonable

given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the

services rendered, (d) the value of such services, and (e) the costs of comparable services other

than in a case under the Bankruptcy Code.

## **BASIS FOR RELIEF**

40.     Pursuant to sections 330 and 331 of the Bankruptcy Code, all of NW&A's services are compensable and the compensation requested in fair and reasonable.  All of the legal services performed by NW&A during the Application Period were required for the proper representation of the Debtor in this Case.

41.     NW&A has endeavored to: (a) avoid lumping multiple tasks into a single entry, as discussed in *In re Pettibone Corp.*, 74 B.R. 293, 302 (Bankr. N.D. Ill. 1987); (b) minimize time spent on interoffice conferences, as discussed in *In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991), though at times, such conferences were necessary and unavoidable; and (c) provide detail about each task, such as the subject matter of each telephone conference, correspondence and document review.

42.     NW&A prepared this Application in accordance with the guidelines established by Bankruptcy Rule 2016 and Local Rule 5082-1.  Although the Court has discretion in reviewing the fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court.  *See Pettibone*, 74 B.R. at 306.

43.     NW&A has at all times acted specifically in the best interests of the Debtor and its estate.  All legal services performed by NW&A and all expenses incurred were reasonable and necessary for the preservation of the Debtor's estate.  NW&A has not entered into an agreement or undertaking of any kind, expressed or implied, with any entity to share in its compensation received or to be received by NW&A for services provided to the Debtor in this Case.

## <u>NOTICE</u>

44.     Notice of this Application has been served upon (a) the United States Trustee; (b) all parties set forth on the creditor matrix; and (c) all parties who have registered to receive ECF service in this case.  NW&A believes this notice is sufficient and requests that the Court waive any further notice requirement.

45.     Bankruptcy Rule 2002(a) requires 21 days' notice to parties in interest of a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000.  However, since the entry of the Confirmation Order, the Allowed Claims of all creditors have been paid in full.  Therefore, NW&A does not anticipate the filing of any objections to this Application.  Moreover, as the Court is aware, NW&A has not been paid since prior to the Petition Date of December 9, 2011.  As a small law firm with 9 attorneys, the fees and expenses set forth in this Application represent a significant accounts receivable for NW&A.  Therefore, NW&A requests a waiver of the notice requirements under Bankruptcy Rule 2002(a).

*[Remainder of page intentionally left blank.]*

WHEREFORE, Neal Wolf & Associates, LLC respectfully requests that the Court

enter an order: (a) allowing NW&A's fess in the amount of $271,197.50 as reasonable

compensation for the actual and necessary legal services rendered to the Debtor during the

Application Period; (b) allowing reimbursement of NW&A's actual and necessary expenses

of $7,898.06 incurred in connection with the legal services rendered to the Debtor during the

Application Period; (c) authorizing and directing the immediate payment of $279,095.56 to

NW&A from the money being held in NW&A's client trust account at Signature Bank; and

(d) granting such other relief as this Court deems necessary and appropriate.

Dated:  September 26, 2012                         Respectfully submitted,


                                                  NEAL WOLF & ASSOCIATES, LLC


                                                  By:   /s/ Neal L. Wolf
                                                        Neal L. Wolf (ARDC No. 6186361)
                                                        John A. Benson, Jr. (ARDC No. 6289042)
                                                        Neal Wolf & Associates, LLC
                                                        155 N. Wacker Drive, Suite 1910
                                                        Chicago, Illinois  60606
                                                        Telephone:     (312) 228-4990
                                                        Facsimile:     (312) 228-4988
                                                        Email:    nwolf@nealwolflaw.com
                                                                  jbenson@nealwolflaw.com