**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 237 EAST ONTARIO LLC, | ) | Case No. 11-49504 (CAD) |
| | ) | |
| Debtor. | ) | **Hearing Date: December 19, 2012** |
| | ) | **Hearing Time: 10:30 a.m.** |
| | ) | |

**NOTICE OF DEBTOR'S MOTION FOR ENTRY OF FINAL DECREE**

To:   All Parties on the Attached Service List

PLEASE TAKE NOTICE that at 10:30 a.m. on December 19, 2012, or as soon thereafter as may be heard, 237 East Ontario LLC, shall appear before the Honorable Carol A. Doyle, Judge of the above-entitled Court, or before any judge sitting in her stead, in Room 742 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, 60604, and present Debtor's Motion for Entry of Final Decree. A copy of the aforesaid motion and related papers are hereby served upon you.

Dated: December 12, 2012

237 EAST ONTARIO LLC

By: /s/ Neal L. Wolf
Neal L. Wolf (ARDC No. 6186361)
John A. Benson, Jr. (ARDC No. 6289042)
NEAL WOLF & ASSOCIATES, LLC
155 N. Wacker Drive, Suite 1910
Chicago, IL 60606
Main:  (312) 228-4990
Fax:   (312) 228-4988
Email: nwolf@nealwolflaw.com
         jbenson@nealwolflaw.com

*Attorneys for the Debtor and Debtor-in-Possession*

## **CERTIFICATE OF SERVICE**

I, John A. Benson, Jr., an attorney, hereby certify that a true and correct copy of the foregoing Notice and Debtor's Motion for Entry of Final Decree was served on the parties listed on the attached Service List by the Court's ECF filing system to those individuals registered to receive such notice and to all other parties via U.S. Mail on or about December 12, 2012.

/s/ John A. Benson Jr.

## Service List
## 237 East Ontario LLC

Office of U.S. Trustee, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604

Schain, Burney, Banks & Kenny
Three First National Plaza
70 W. Madison Street, Suite 4500
Chicago, IL 60602

Thomas M. Tully & Associates
33 N. Dearborn St., Suite 2450
Chicago, IL 60602

Abatangelo – Hanson, Ltd.
53 W. Jackson Blvd., Suite 1005
Chicago, IL 60604

Bauman Studios, LLC
312 North May Street, Suite 5G
Chicago, IL 60607

Gregg & Associates, Inc.
225 E. Park Avenue
Libertyville, IL 60048

Manhard Consulting, Inc.
900 Woodlands Pkwy.
Vernon Hills, IL 60061

Topsoil Co LLC
12736 S. Ridgeway Ave.
Alsip, IL 60803

Cook County Treasurer
Att: Legal Department
118 N. Clark Street, Suite 112
Chicago, IL 60602

Internal Revenue Service
P.O Box 804522
Cincinnati, OH 45280

Commonwealth Edison
Attn: The Bankruptcy Group
3 Lincoln Center
Oakbrook Terrace, IL 60181

Illinois Department of Revenue
Bankruptcy Section
PO Box 64338
Chicago, IL 60664

EPS Environmental Services, Inc.
7237 W. Devon Avenue
Chicago, IL 60631

Mahoney & Associates Trust
11405 Burr Oak Lane
Burr Ridge, IL 60527

Kari Blunda
11405 Burr Oak Lane
Burr Ridge, IL 60527

Clinton Mahoney
10809 Chaucer Drive
Willow Springs, IL 60480

American Chartered Bank
1199 E. Higgins Road
Schaumburg, IL 60173

Shelly A. DeRousse
John K. Burnett III
Stahl Cowen Crowley Addis LLC
55 W. Monroe, Suite 1200
Chicago, IL 60603
*Attorney for James Mahoney*
*Via ECF*

Illinois Secretary of State
Business Services
69 W. Washington, Suite 1240
Chicago, IL 60602

William J. Serritella
Brianna M. Sansone
Aronberg Goldgehn Davis & Garmisa
330 North Wabash, Suite 1700
Chicago, IL 60611
*Attorney for June Mahoney*
*Via ECF*

Ronald R. Peterson
Landon S. Raiford
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
*Attorney for PODCO 237 E. Ontario LLC*
*Via ECF*

John D. Silk
Rothschild, Barry & Myers LLP
55 W. Monroe Street, Suite 3900
Chicago, IL 60603
*Attorney for 7-Eleven, Inc.*
*Via ECF*

John S. Delnero
K&L Gates, LLP
Three First National Plaza
70 West Madison Street, Suite 3300
Chicago, IL 60602
*Attorney for Noodles & Company*
*Via ECF*

Five Guys Operations, LLC
10440 Furnace Road, Suite 205
Lorton, VA 22079
Attn: Dale E. Thompson

Andrew J. Annes
Schenk Annes Tepper Campbell Ltd.
311 South Wacker Dr., Suite 5125
Chicago, IL 60606
*Attorney for Mid-America Real*
*Real Estate Corporation*
*Via ECF*

Roger J. Higgins
Law Offices of Roger Higgins, LLC
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
*Attorney for Tishman Realty Corp.*
*Via ECF*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 237 EAST ONTARIO LLC, | ) | Case No. 11-49504 (CAD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**DEBTOR'S MOTION FOR ENTRY OF FINAL DECREE**

237 East Ontario LLC (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Case"), pursuant to section 350(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") and rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") respectfully submits this motion (the "Motion") for entry of final decree. In support of the Motion, the Debtor states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Matters relating to the Motion constitute a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.

**BACKGROUND**

3.  The Case was filed on December 9, 2011. At all times, the Debtor has operated its business and managed its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in the Case.

4. On September 20, 2012, the Court entered an order confirming the Debtor's Second Amended Plan of Reorganization (the "Plan") [Docket No. 157], which order has now become final.[1]

5. Pursuant to the Plan, on or about September 21, 2012, the Property was sold to Purchaser. The proceeds from the sale of the Property were used to pay all Allowed Claims in full.

6. Therefore, substantial consummation of the Plan as contemplated in 11 U.S.C. §1101(2) has occurred.

7. Moreover, all adversary proceedings have been resolved. Specifically, on November 12, 2012, the Debtor filed a Notice of Voluntary Dismissal regarding Adversary Proceeding 12-00334, captioned *237 East Ontario LLC v. James Mahoney*, et al. [Adv. Docket No. 101], which adversary case was closed on November 16, 2012 [Adv. Docket No. 103]. On November 27, a Notice of Stipulation for Voluntary Dismissal was filed with the Court dismissing Adversary Proceeding No. 12-00011, captioned *James Mahoney v. 237 East Ontario LLC*, et al. [Adv. Docket No. 38], which adversary case was closed on November 30, 2012 [Adv. Docket No. 41].

8. The only matter still pending before the Court is the Debtor's Motion for Sanctions [Docket No. 163], which is scheduled for hearing/ruling on December 19, 2012. Upon final resolution of the Motion for Sanctions, the Debtor requests entry of a final decree.

---

[1] Capitalized terms not defined in the Motion shall have the same meaning as provided for in the Plan.

00004531.DOCX V-

## **RELIEF REQUESTED**

9. By this Motion, the Debtor seeks entry of an order for a final decree as contemplated in Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.

10. Section 350(a) of the Bankruptcy Code provides that "[A]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Moreover, Bankruptcy Rule 3022 provides that "[A]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

11. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

12. Here, except for the Debtor's Motion for Sanctions, the Debtor's estate has been fully administered. The order confirming the Plan has become final; the Property was sold to Purchaser; all payments under the Plan were made; and all motions (except for the Motion for Sanctions), contested matters, and adversary proceedings have been resolved. Therefore, the Debtor requests that upon final resolution of the Debtor's Motion for Sanctions this Court enter a final decree closing the Case.

WHEREFORE, the Debtor respectfully requests that upon final resolution of the Debtor's Motion for Sanctions, this Court enter an order for final decree and for such other and further relief as this Court deems just and proper.

Dated:  December 12, 2012                    Respectfully submitted,

                                                   237 EAST ONTARIO LLC

                                                   By: /s/ Neal L. Wolf
                                                   Neal L. Wolf (ARDC No. 6186361)
                                                   John A. Benson, Jr. (ARDC No. 6289042)
                                                   NEAL WOLF & ASSOCIATES, LLC
                                                   155 N. Wacker Drive, Suite 1910
                                                   Chicago, IL 60606
                                                   Main:  (312) 228-4990
                                                   Email:  nwolf@nealwolflaw.com
                                                                jbenson@nealwolflaw.com